**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MILLICENT PLATT | : | CIVIL ACTION |
| Plaintiff | : | |
| *vs.* | : | No. **11-cv-4067-RB** |
| | : | |
| FIREMAN'S FUND | : | |
| INSURANCE COMPANY | : | |
| Defendant | : | |

# O R D E R

*AND NOW*, this _____ day of _____, **2011**, upon consideration of the Plaintiff's Motion to Overrule Objections and Compel Response to Request for Production Pursuant to Fed.R.Civ.P. 34 for Defendant's Claims Manuals (Docket No.13), together with the accompanying Memorandum of Law, it is hereby **ORDERED** that said motion is **GRANTED** and defendant shall produce any and all claim adjuster handbooks and/or manuals and/or desk books with respect to the processing and handling of claims for First Party Benefits, and, in particular, claims for medical benefits and wage loss benefits, within ten (10) days of the date of this Order, or suffer sanctions upon further application to the Court; and

Plaintiff's counsel has previously agreed to hold all of the materials produced as confidential.

It is so **ORDERED.**

BY THE COURT:

_____
**RONALD L. BUCKWALTER, S.J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILLICENT PLATT** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| ***vs.*** | : | **No. 11-cv-4067-RB** |
| | : | |
| **FIREMAN'S FUND** | : | |
| **INSURANCE COMPANY** | : | |
| **Defendant** | : | |

## PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS
## AND COMPEL RESPONSE TO REQUEST FOR PRODUCTION
## PURSUANT TO FED.R.CIV.P. 34
## FOR DEFENDANT'S CLAIMS MANUALS

Plaintiff, **MILLICENT PLATT**, hereby moves Your Honorable Court to overrule defendant's objections and compel the defendant insurer to produce its claims manuals and related materials in this insurance bad faith action, all as set forth in her Request for Production, Request No. 7, served pursuant to Fed.R.Civ.P. 34 and attached hereto and made a part hereof as EXHIBIT "A."

The grounds for the motion are more fully set forth in the accompanying Memorandum of Law.

Local Rule 26.1 Discovery, in pertinent part provides:

"(f) No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."

Plaintiff's counsel so certifies to Your Honorable Court and attached hereto and made a part hereof as EXHIBIT "B" is a true and correct copy of an email from undersigned counsel to defense counsel of September 14, 2011.

Plaintiff's counsel stands ready to provide oral argument if Your Honorable Court deems it necessary or desirable.

**WHEREFORE**, Plaintiff, **MILLICENT PLATT,** respectfully requests that Your Honorable Court grant her within motion and enter an Order in the form annexed hereto.

*Respectfully submitted,*

/**s**/*Jay Lawrence Fulmer, Esquire*
**JAY LAWRENCE FULMER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF,**
**MILLICENT PLATT**
Attorney Identification No. 24588
1628 JFK Boulevard, Suite 1000
8 Penn Center
Philadelphia, PA  19103-2125
Ph.: 215-568-7200
Fax: 215-751-9739
e-mail: jay.fulmer@gmail.com

**DATED: OCTOBER 3, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILLICENT PLATT** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| ***vs.*** | : | **No. 11-cv-4067-RB** |
| | : | |
| **FIREMAN'S FUND** | : | |
| **INSURANCE COMPANY** | : | |
| **Defendant** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO OVERRULE OBJECTIONS
AND COMPEL RESPONSE TO REQUEST FOR PRODUCTION
PURSUANT TO FED.R.CIV.P. 34
FOR DEFENDANT'S CLAIMS MANUALS**

## I.     BACKGROUND

This is an action by Ms. Platt against the defendant-insurer under the Pennsylvania Motor Vehicle Financial Responsibility Law for certain insurance benefits, for medical expenses and for wage loss, together with statutory damages for interest, costs and attorneys fees, as well as for extra-contractual damages under the Bad Faith statute, 42 Pa.C.S. §8371.

Ms. Platt served a Request for Production under Fed.R.Civ.P. 34 on July 29, 2011, for, inter alia, REQUEST No. 7 the production of defendant's claims manuals as concerns the claims at issue: medical expenses and wage loss benefits.

Defendant's response on August 26, 2011 was a series of objections and assertions of alleged privileges. Its litany was mere boilerplate language.

Attached hereto and made a part hereof as **EXHIBIT "A"** is Defendant FIREMAN'S FUND INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS. The subject REQUEST, No. 7, and the defense response, are both set forth at page 7.

## II.    ARGUMENT

In a bad faith action on an insurance policy, defendant insurer's handbooks, claims manuals and desk books with respect to the particular claims set forth in the Complaint as to First Party Benefits, are discoverable. *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331, (E.D.Pa. 1999; Joyner, J.); *Jones v. Nationwide Ins. Co.*, 2000 WL 1231402 (M.D. Pa. 2000); *Parker v. Nationwide Ins. Co.*, 2001 WL 1175143 (E.D.Pa. 2001; Fullam, J.); *Brown v. Great Northern Ins. Co.*, (M.D.Pa. 2006).

Defendant's objections must all be overruled and documents and materials produced in response to the valid discovery request. Moreover, plaintiff's undersigned counsel has already agreed as an officer of the Court to hold confidential all such documents and materials. This agreement is set forth in the annexed email at **EXHIBIT "B"** stating that it is undersigned counsel's intention "**as an officer of the court to keep the documents produced, stamped Confidential, as such, by me, my client, and any experts consulted and/or retained. I reserve the right to use the claims manuals during discovery and at trial. I agree to return them to you at the conclusion of this litigation. I agree to dispose of electronic copies of same as well at the conclusion of this litigation.**"

---

The foregoing case law does not require the imposition of an extensive or "elaborate" confidentiality agreement. In **Parker, supra**, the Court noted, "Plaintiff's counsel has, on previous occasions, expressed a willingness to agree not to distribute the discovery materials to other lawyers for use in other cases, and to confine their use to this case. But plaintiff's counsel is (understandably) unwilling to perform the elaborate rituals contemplated by the confidentiality order proposed by the defendant. I agree with plaintiff."

The defense objections as interposed in the matter *sub judice* are precisely the type of "litany" of "boilerplate language" that Your Honorable Court has declared should be overruled where the production of a company's **manuals** is at issue:

> "Defendant has objected on the ground that requests were "not reasonable calculated to lead to the discovery of admissible evidence," "protected by the attorney/client privilege and/or work product doctrine" and "overbroad and unduly burdensome." However, Defendant cannot simply intone this familiar litany of objections to voice a successful objection to a discovery request. See *Puricelli*, 136 F.R.D. at 396." **Haring v. Eckerd Corp.,** 2002 WL 32348343 (E.D.Pa. 2002, **BUCKWALTER, J.**). There, the Court ordered that plaintiff's motion be granted to compel production of the "complete policy and procedures manuals" for the defendant pharmacy corporation.

## III.    CONCLUSION:

For all the foregoing reasons and based upon the jurisprudence of the Eastern District of Pennsylvania, Plaintiff, **MILLICENT PLATT,** respectfully requests that Your Honorable Court grant her within motion and enter an Order in the form annexed hereto.

*Respectfully submitted,*

/**s**/*Jay Lawrence Fulmer, Esquire*

**JAY LAWRENCE FULMER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF,**
**MILLICENT PLATT**
Attorney Identification No. 24588
1628 JFK Boulevard, Suite 1000
8 Penn Center
Philadelphia, PA  19103-2125
Ph.: 215-568-7200
Fax: 215-751-9739
e-mail: jay.fulmer@gmail.com

**DATED: <u>OCTOBER 3, 2011</u>**

## CERTIFICATION OF SERVICE

I do hereby certify that service of a true and correct copy of the foregoing discovery motion was made on the **3rd** day of **OCTOBER, 2011** to the following counsel of record by First Class U.S. Mail and/or electronically by means of the ECF System:


**AMY L. PICCOLA, ESQ.**            **APiccola@saul.com**
**JOSEPH COLEMAN MONAHAN, ESQ.**   **jmonahan@saul.com**
SAUL EWING, LLP
CENTRE SQUARE WEST
38TH FLOOR
1500 MARKET STREET
PHILADELPHIA, PA 19102-2186
215-972-8405 / ALP
215-972-7826 / JCM
-- Attorneys for Defendant


                *Respectfully submitted,*


                */s/Jay Lawrence Fulmer, Esquire*
                **JAY LAWRENCE FULMER, ESQUIRE**
                **ATTORNEY FOR PLAINTIFF,**
                **MILLICENT PLATT**


**DATED: OCTOBER 3, 2011**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MILLICENT PLATT : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 11-04067 |
| : | |
| : | |
| v. : | |
| : | |
| FIREMAN'S FUND INSURANCE COMPANY : | |
| : | |
| Defendant. : | |

### DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Fireman's Fund Insurance Company ("Fireman's Fund") hereby responds and objects to Plaintiff Millicent Platt's request for the production of documents.  The responses set forth below are made without in any way waiving or intending to waive and, to the contrary, are made intending to preserve and preserving, any and all future objections as follows:

1.      All questions as to authenticity, competency, relevancy, materiality, privilege and admissibility of any document or information for any purpose in any hearing, proceeding or trial of this or any other civil action, proceeding or case.

2.      The right to object to the use of any of the documents produced in response to the Plaintiff's document requests for any purpose in any hearing, proceeding or trial of this or any other civil action, proceeding or case;

3.      The right to object on any ground at any time to a request for further production of documents or any subpoena for production of documents;

**EXHIBIT "A"**

4.      The right to further supplement, clarify, correct and/or amend the responses and/or objections set forth below based upon the discovery of additional information and/or documents; and

5.      The attorney-client and attorney work-product protections and, accordingly, any inadvertent production of any privileged or protected document shall not constitute a waiver of such privilege and/or protection.

## GENERAL OBJECTION

1.      Fireman's Fund objects to the extent Plaintiff's document requests purport to impose obligations on Fireman's Fund that exceed those of the Federal Rules of Civil Procedure or other rule of Court.

2.      Fireman's Fund objects to each of Plaintiff's document requests to the extent that the information sought is neither relevant to the subject matter involved in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Fireman's Fund objects to each of Plaintiff's document requests to the extent that they are overbroad and any attempt to respond would be unduly burdensome, expensive, and/or oppressive.

4.      Fireman's Fund objects to each of Plaintiff's document requests to the extent that they are unreasonably cumulative, duplicative, or the responsive information is obtainable from sources more conveniently available to Plaintiff.

5.      Fireman's Fund objects to each of Plaintiff's document requests to the extent that they seek information from sources in the public domain and/or that are otherwise available to Plaintiff for review.

2

6.     Fireman's Fund objects to each of Plaintiff's document requests to the extent that they seek information already provided to Plaintiff, or otherwise already in Plaintiff's possession.

7.     Fireman's Fund objects to each of Plaintiff's document requests to the extent that they request information which is not subject to discovery under the attorney-client privilege, work product doctrine and/or other applicable privilege or doctrine.

8.     Fireman's Fund objects to each of Plaintiff's document requests to the extent they seek information which is confidential and/or proprietary to Fireman's Fund.

9.     Fireman's Fund objects to each of Plaintiff's document requests to the extent they call for documents created by or on behalf of Fireman's Fund after the initiation of the instant litigation.  Accordingly, Fireman's Fund will only produce documents from its claims files and electronic log notes for the period up to the date that Plaintiff initiated the instant litigation.

Each of the foregoing General Objections is hereby incorporated into each of the following specific responses to Plaintiff's Document Requests.

## DOCUMENT REQUESTS

1.     The entire claims and investigation file for files including all insurance policies issued to Richard A. Ellis, M.D., including Policy No. VZE12327902 (including therein all references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactics as to only the First Party Benefits claims  for medical and wage loss under all available coverages); and including communications from counsel with respect to FPB coverages, including any consultation or communication with coverage counsel as to FFIC obligations under law to pay benefits.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome,

and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Fireman's Fund further objects to the extent the request calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine. Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund. Fireman's Fund further objects to producing any policies of insurance that do not relate to Plaintiff's claim for first party benefits. Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

2.      All statements of any witnesses, including any and all statements of plaintiff or defendant, its agents, servants, workmen or employees, referral request forms, adjuster "running" or "log" notes, Peer Review reports, or records review reports, in whatever form, including communications from counsel as to FFIC obligations under law to pay benefits.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Fireman's Fund further objects to the extent the request calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine. Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund. Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

4

3.     All photographs and diagrams taken and/or prepared.

**RESPONSE:**

Fireman's Fund objects to the extent this request as overly broad, unduly burdensome, vague and ambiguous.  Subject to and without waiver of the aforesaid general and specific objections, to the extent the request is seeking photographs and diagrams of the scene of the alleged accident, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any

4.     Any and all documents containing the names and home and business addresses of all individuals contacted as potential witnesses.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Fireman's Fund further objects to the extent the request calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Fireman's Fund further objects to the request as premature and to the extent it purports to impose an obligation on Fireman's Fund beyond those set forth in the Federal Rules of Civil Procedure.  Subject to those general and specific objections, Fireman's Fund further responds that certain potential witnesses were revealed as part of its Rule 26 initial disclosures.  To the extent Fireman's Fund identifies additional potential witnesses, their identities will be revealed at the time and in the manner required by the Federal Rules of Civil Procedure or other Court rule.

5.     Reports of any and all experts who will testify at trial.

**RESPONSE:**

Fireman's Fund further objects to the request as premature and to the extent it purports to impose an obligation on Fireman's Fund beyond those set forth in the Federal Rules of Civil Procedure.  Subject to those general and specific objections, Fireman's Fund responds that it will produce non-privileged, responsive documents at the time and in the manner required by the Federal Rules of Civil Procedure or other Court rule.

6.	All First Party Benefit log sheets, Payment transmittals, copies of all checks issued and insurance company forms used in this claim, including all adjuster and Supervisor running and log notes, including communications, correspondence, and memoranda, in whatever form, including computer files, ALL e-mail, or similar electronic recordings or telecommunications with respect to the Medical Benefits and wage Loss Benefits and all Combination ($177,500.00) and Extraordinary Medical Expense Coverage ($1,000,000.00) (FPB) claims.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Fireman's Fund further objects to the extent the request calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine. Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund.  Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

1331473.1 08/26/2011

7.      Any and all claim adjuster handbooks and/or manuals and/or desk books with respect to the processing and handling of claims for First Party Benefits, and, in particular, claims for medical benefits and wage loss benefits.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Fireman's Fund further objects to the extent the request calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine. Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund.

8.      The Application for Benefits form and the Affidavit of No Insurance and notations, documents or references as to when received.

**RESPONSE:**

Fireman's Fund objects to the extent this request is calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund.  Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

9.      A listing of ALL persons who have worked on the claims of Ms. Platt for medical and wage loss for or on behalf of FFIC, and the dates, and their positions or titles.

7

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Fireman's Fund further objects to the extent the request purports to impose any requirements on Fireman's Fund beyond those set forth in the Federal Rules of Civil Procedure or other rule of Court. Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce the non-privileged, non-confidential and non-proprietary portions of its claims files, which will reveal the identities and involvement of all persons who have worked on Plaintiff's claims.

10.    Any documents describing the priorities of coverage for First Party Benefits under Pennsylvania law, especially as to uninsured persons as pedestrians when injured.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Fireman's Fund further objects to the extent the request calls for the production of documents protected from discovery by the attorney client privilege, the work product doctrine, or any other applicable privilege or doctrine. Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund. Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any

1331473.1 08/26/2011

11.    All contracts for services or invoices for services rendered by any vendor or any other persons or companies on the subject medical and wage loss claims for the period 12/23/2008 to present.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous.  Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

12.    Current Ledger of all FPB benefits paid to date.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund. Subject to and without waiver of the aforesaid general and specific objections, and only to the extent the request seeks documents limited to First Party Benefits paid to or on behalf of Plaintiff,  Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

13.    Statement of balance remaining on Combo FPB Medical/Wage Loss line.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Fireman's Fund further objects to the extent the request seeks documents that are confidential or proprietary to Fireman's Fund. Subject to and without waiver of the aforesaid general and specific objections, and only to the extent the request seeks documents limited to First Party Benefits paid to or on behalf of Plaintiff,  Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

14.     Complete copies of all bills, records and reports in the FFIC file for the subject medical and wage loss claims.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous.  Subject to and without waiver of the aforesaid general and specific objections, Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary documents responsive to this request, if any.

15.     All communications in whatever form from anyone at FFIC to undersigned counsel for Ms. Platt, Attorney Fulmer, in connection with the subject medical and wage loss claims. Include all correspondence, all faxes and all emails.

**RESPONSE:**

Fireman's Fund objects to the extent this request is overly broad and unduly burdensome, vague and ambiguous, and to the extent it seeks documents that are already in the possession of Plaintiff and/or her counsel.  Subject to and without waiver of the aforesaid general and specific objections,

10

Fireman's Fund will produce responsive, non-privileged, non-confidential and non-proprietary

documents responsive to this request, if any.


Dated:  August 26, 2011                              Respectfully submitted,



                                                     _____
                                                     Joseph C. Monahan
                                                     Attorney ID No. 87173
                                                     Amy L. Piccola
                                                     Attorney ID No. 20888
                                                     Saul Ewing LLP
                                                     Centre Square West, 38th Floor
                                                     1500 Market Street
                                                     Philadelphia, PA 19102
                                                     (215) 972-7777
                                                     *Attorneys for Defendant*
                                                     *Fireman's Fund Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing **Defendant's Responses to Plaintiff's Request for Production of Documents** was served upon the following via email and first class mail:

Jay Lawrence Fulmer
8 Penn Center
1628 JFK Boulevard, Suite 1000
Philadelphia, PA 19103-2125

Joseph C. Monahan

Dated: August 26, 2011

1331473.1 08/26/2011



**Jay Fulmer <jay.fulmer@gmail.com>**

# MILLICENT PLATT v FFIC / CLAIMS MANUALS / RP No. 7 / CONFIDENTIALITY
1 message

**Jay Lawrence Fulmer, Esq <jay.fulmer@gmail.com>**                    **Wed, Sep 14, 2011 at 2:25 PM**
To: "Monahan, Joseph C." <jmonahan@saul.com>, Jay Fulmer <jay.fulmer@gmail.com>

**Dear Counsel:**

**We earlier (7/21/11 phone conference) discussed the issue of confidentiality of the claims manuals and you, in a very lawyerlike fashion, postponed the day of reckoning for consideration of our Request for Production. You now have interposed numerous objections. In this action, I submit the pleadings and the standard of proof make all FFIC claims manuals discoverable. Of course, without documentation taking oral depositions of the claims personnel would prove futile.**

**Therefore, please prepare a confidentiality agreement/stipulation to cover your production of the claims manuals as stated in the Request, No. 7. I hereby renew my intention as an officer of the court to keep the documents produced, stamped Confidential, as such, by me, my client, and any experts consulted and/or retained. I reserve the right to use the claims manuals during discovery and at trial. I agree to return them to you at the conclusion of this litigation. I agree to dispose of electronic copies of same as well at the conclusion of this litigation.**

**Please incorporate my promises into a stipulation for my signature. Please have this to me no later than Friday, 9/16/11, together with the claims manuals, under the Request.**

**Failing your cooperation in resolving this 'dispute, a formal Motion will be required.**

**Thank you for your prompt and professional attention.**
**/s/ JLF**
**--**
**Law Offices**
**JAY LAWRENCE FULMER**
**1628 JFK Boulevard**
**8 Penn Center, Suite 1000**
**Philadelphia, PA 19103-2125**
**215-568-7200 / fax 215-751-9739**
**after 10/19/10, please use:  jay.fulmer@gmail.com**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**EXHIBIT "B"**

This message may contain information which is confidential or privileged.
If you are not the intended recipient, please advise the sender immediately
by reply e-mail and please delete this message and any attachments without
retaining a copy. Thank you.
*********************************************************