**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MILLICENT PLATT, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FIREMAN'S FUND INSURANCE COMPANY, | : | NO.  11-4067 |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                November 16, 2011

Presently before the Court is Plaintiff Millicent Platt's Motion to Overrule Objections and

Compel Response to Request for Production Pursuant to Federal Rule of Civil Procedure 34 for

Defendant's Claims Manuals ("Motion to Overrule Objections").  For the following reasons, the

Motion is granted.

**I.      BACKGROUND**

On May 25, 2011, Plaintiff Millicent Platt filed a Complaint against Defendant Fireman's

Fund Insurance Company in the Philadelphia County Court of Common Pleas.  Defendant

removed the action to this Court on June 22, 2011.  The Complaint alleges that Plaintiff suffered

severe injures after being struck by a motor vehicle driven by Defendant's insured on December

23, 2008.  (Compl. ¶ 6.)  Plaintiff is suing Defendant for insurance benefits under the

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701, et seq., as well as

statutory damages under Pennsylvania's Bad Faith Statute, 42 Pa. C.S. § 8371.

On July 29, 2011, Plaintiff served Defendant with a Request for Production pursuant to

Federal Rule of Civil Procedure 34.  Among the documents requested were the manuals

Defendant used to process and handle claims.  On August 26, 2011, Defendant objected to this request, arguing that it was overly broad and unduly burdensome, was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and called for the production of privileged and confidential documents.  (Pl.'s Mot. Overrule Objections, Ex. A at 7.)  On October 3, 2011, Plaintiff filed the present Motion to Overrule Objections.  Defendant filed its Response in Opposition on October 17, 2011.  The Motion is now ripe for the Court's consideration.

## II.    DISCUSSION

In her Motion to Overrule Objections, Plaintiff argues that claims manuals and desk books pertaining to her claims are discoverable, that her counsel pledges to keep these materials confidential, and that Defendant's objections to this discovery request contain nothing more than boilerplate language.  (Pl.'s Mot. Overrule Objections 5-6.)  In response, Defendant contends that not only are its guidelines for handling claims proprietary information, they are not relevant to any issue in this case.  (Def.'s Resp. Opp'n 3.)[1]  In support of this argument, Defendant cites to Garvey v. Nat'l Grange Mut. Ins. Co., 167 F.R.D. 391 (E.D. Pa. 1996).  (Def.'s Resp. Opp'n 5-6.)  There, the court denied the plaintiff's request for the defendant insurer's claims manuals, concluding that they "do not pertain to whether the plaintiff's present claim for loss is 'covered' under the insurance contract issued by the defendant.  Moreover, the fact that the defendant may have strayed from its internal procedures does not establish bad faith on the part of the defendant

---

[1]  Defendant argues that the Court should deny Plaintiff's Motion because it does not include a discussion of relevance.  (Def.'s Resp. Opp'n 3.)  Although Plaintiff does not expressly address this issue, she cites several cases for the proposition that claims manuals are discoverable in connection with a bad faith claim against an insurance company.  (Pl.'s Mot. Overrule Objections 5-6.)  Accordingly, the Court will not deny the Motion on relevance grounds.

2

in handling the plaintiff's loss." Garvey, 167 F.R.D. at 396.

While the Garvey court found that the defendant's claims manuals were not discoverable in that particular case, there are instances where such materials may be relevant to a bad faith claim.[2]  For example, in Kaufman v. Nationwide Mut. Ins. Co., No. Civ.A.97-1114, 1997 WL 703175 (E.D. Pa. Nov. 12, 1997), the court specifically acknowledged the Garvey decision, but noted that

> there may be circumstances  when such discovery would be relevant.  For example, a claims manual could be relevant if it requires an adjustor to take certain investigative steps before adjusting a claim and plaintiff can show that these steps were deliberately omitted.  Although this fact alone would not be enough to establish bad faith, surely it is probative evidence for plaintiff to demonstrate bad faith.

Id. at *2 n.2.  The court therefore ordered the defendant to produce the portions of its manuals which concerned the procedures used in handling the plaintiff's claims.  Id. at *2.

Other post-Garvey opinions have come to similar conclusions.  See Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 177 (E.D. Pa. 2004) ("Garvey's admonition that straying from internal procedures does not establish bad faith does not mean that straying from internal procedures is never probative evidence of bad faith."); Safeguard Lighting Sys., Inc. v. N. Am. Specialty Ins. Co., No. Civ.A.03-4145, 2004 WL 3037947, at *3 (E.D. Pa. Dec. 4, 2004) ("[A]ny material which pertains to instructions and procedures for adjusting claims and which was given to the adjusters who worked on plaintiffs' claim may be relevant to the action and must be produced."); Robertson v. Allstate Ins. Co., No. Civ.A.98-4909, 1999 WL 179754, at *6 (E.D. Pa. Mar. 10, 1999) ("Given the liberal scope of federal discovery and the fact that such

---

[2]  Significantly, the defendant in Garvey provided the court with the documents at issue so that they could be reviewed in camera.  167 F.R.D. at 393.  Here, the Court has not seen Defendant's claims manuals, and therefore has not had the benefit of such review.

information may lead to the discovery of admissible evidence, [the defendant] is ordered to produce claims or procedure manuals setting forth company practices or policies" pertaining to claims such as the plaintiff's).

After reviewing the pertinent case law, the Court finds that the materials used by Defendant in processing Plaintiff's insurance claims may be relevant to her cause of action for bad faith. As noted above, "a claims manual could be relevant if it requires an adjustor to take certain investigative steps before adjusting a claim and plaintiff can show that these steps were deliberately omitted." Kaufman, 1997 WL 703175, at *2 n.2. Therefore, Plaintiff's Motion to Overrule Objections is granted. The Court also recognizes, however, that Plaintiff's request may be overly broad and pertain to confidential subject matter. The Court therefore follows the holding in Safeguard Lighting and limits the scope of discovery on this issue to "any material which pertains to instructions and procedures for adjusting claims *and* which was given to the adjusters who worked on [Plaintiff's] claim." 2004 WL 3037947, at *3 (emphasis added). Finally, both Plaintiff and her counsel are ordered to keep confidential all materials they receive in response to this discovery request and any information they learn from those materials.

## III.    CONCLUSION

For all of the foregoing reasons, the Court finds that Defendant's claims manuals or other materials used to process Plaintiff's insurance claims may be relevant to the cause of action for bad faith. Therefore, Plaintiff's Motion to Overrule Objections is granted, and Defendant is ordered to provide Plaintiff with any material which pertains to instructions and procedures for adjusting claims and which was given to the adjusters who worked on Plaintiff's claim. Plaintiff and her counsel are ordered to keep confidential all materials they receive in response to this

4

discovery request and any information they learn from those materials.

 An appropriate Order follows.